William Corrigan  
vs.  No. 74581.  
Jacob Conn, et al.

December 14, 1929.

TANNER, J. This is an action at law against Jacob Conn and against the Broad Realty Company, a corporation. The declaration in said case alleges that the plaintiff was injured by a defective cover of a coal shute in a passageway which he was using to visit a tenant of the Broad Realty Company. The declaration also alleges that the defendant Conn was an officer and director of the said Broad Realty Company and as such officer and director had sole and full control and management of said property and of the development, maintenance and repair of the same, and that it was the duty of the defendants Conn and the Broad Realty Company to maintain a sufficient cover for said coal shute or hole, but that they carelessly and negligently maintained an insufficient cover for the coal shute, upon which the plaintiff stepped, and that said cover tipped when plaintiff stepped upon it, causing his injury.

The case is heard upon demurrer to the declaration.

The first ground of demurrer is that the declaration does not allege a joint tort act by the two defendants. They are thus improperly joined. It does, however, appear from the declaration that the defendant Conn was the officer and agent of the corporation who was charged with the duty of keeping said coal hole in repair. As a corporation can only act through an officer or agent, it appears that the negligence sued upon was the joint act of the corporation and of said Conn, an officer of the corporation. They are therefore properly joined. The cases cited by the plaintiff amply sustain this position.

Demurrer upon this ground is therefore overruled.

The second ground of demurrer is that an agent can not be held responsible by a third person for a tort which it committed in its capacity as agent of its principal.

While there was formerly some distinction made between the misfeasance and the malfeasance of an agent, holding that the agent could not be liable to a third person for mere misfeasance, this distinction seems to be no longer considered valid.

See *Mollino* vs. *Ogden & Clarkson Corp.*, 243 N. Y. 450;

Meacham on Agency, 2nd ed., Vol. 1, Sec. 1474;

49th A. L. R. page 524;

20th A. L. R. page 171;

2nd C. J. 826, sec. 500.

Demurrer upon this point is also overruled.

For plaintiff: Tillinghast & Lynch.

For defendants: Philip C. Joslin.